UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

ELISE BENTLEY,
        Plaintiff,

v.                                                CASE NO. 3:14-cv-1157 (VAB)

GREENSKY TRADE CREDIT, LLC,
TRI-STATE OF BRANFORD, LLC,
BRAD POMPILLI, and DAN ROE,
        Defendants.

**RULING ON PLAINTIFF'S MOTION TO ADD A DEFENDANT**

Pending before the Court is Plaintiff Elise Bentley's motion to add Union First Market Bank s an additional Defendant in this action under Federal Rule of Civil Procedure 19.  Pl.'s Mot. To Join Union First Market Bank As Party Def. Pursuant To Fed. R. Civ. P. 19, ECF No. 50.  Because this motion was filed nearly two months after the December 7, 2014 deadline to add parties, the Court must first determine whether there is good cause to amend the Scheduling Order.  *See* Scheduling Order ¶ 2, ECF No. 27.  If good cause exists, the Court then must determine whether the party that Plaintiff seeks to add, Union First Market Bank, is truly a "required" party under Rule 19.

For the reasons set forth below, the Court finds that good cause exists to amend the Scheduling Order.  However, because the Court finds that Union First Market Bank does not qualify as a "required" party under Rule 19, with respect to the Truth in Lending Act ("TILA") claim only, Plaintiff's motion is **DENIED**.  This denial, however, is without prejudice to the filing of another motion that states with particularity claims Plaintiff may have against Union First Market Bank, preferably through the attachment of a proposed amended complaint.

1

I. **Good Cause To Amend the Scheduling Order**

Rule 16(b) permits modification of a Scheduling Order "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "A finding of good cause depends on the diligence of the moving party," meaning that the moving party must show that the schedule cannot be reasonably met despite that party's diligence. *Grochowski v. Phoenix Constr.,* 318 F.3d 80, 86 (2d Cir. 2003) (citation omitted); *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000) (citation omitted) ("[I]n certain cases the court may determine that '[the deadline] cannot reasonably be met despite the diligence of the party seeking the extension.'"); *Julian v. Equifax Check Servs. Inc.*, 178 F.R.D. 10, 16 (D. Conn. 1998) (citations omitted) ("'Good cause' means that the schedule cannot reasonably be met despite that party's diligence."). "A party fails to show good cause when the proposed amendment rests on information 'that the party knew or should have known, in advance of the deadline.'" *Perfect Pearl Co. v. Majestic Pearl & Stone, Inc.*, 889 F. Supp. 2d 453, 457 (S.D.N.Y. 2012) (citations omitted). While diligence is the "primary consideration," the district court may also consider "other relevant factors including, in particular, whether allowing the amendment of the pleading at this stage of the litigation will prejudice the defendants." *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007).

The showing of good cause required to justify the amendment of a scheduling order must be balanced against the requirements of Rule 15(a), governing amendments to complaints generally, and Rule 21, governing the addition of parties to an action. Fed. R. Civ. P. 15, 21. Rule 15 permits a party to amend a pleading only with the opposing party's written consent or with the court's leave, which is to be "freely give[n] .

. . when justice so requires." Fed. R. Civ. P. 15(a)(2).  Leave to amend should be permitted "in the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party…, [or] the futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Rule 21 provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party."  Fed. R. Civ. P. 21.

Both Rules 15 and 21 "apply with equal force to motions to add parties under Rule 21." *Lego A/S v. Best Lock Constr. Toys, Inc.*, 886 F.Supp.2d 65, 71-72 (citations omitted).  Despite the relatively lenient standards of Rules 15 and 21, "a district court does not abuse its discretion in denying leave to amend the pleadings after the deadline set in the scheduling order where the moving party has failed to establish good cause." *Parker,* 204 F.3d at 340; *Oneida Indian Nation of New York State v. Cnty. of Oneida*, 199 F.R.D. 61, 72 (N.D.N.Y. 2000) (citation and internal quotation marks omitted) (noting that in practical terms "[there is] little difference between [Rules 15(a), 20(a) and 21] in that they all leave the decision whether to permit or deny amendment to the district court's discretion.")

Plaintiff asserts that good cause exists to amend the Scheduling Order because she would have named Union First Market Bank in her complaint had the identity of the true lender been disclosed to her, as she argues is required by TILA, and that there would be no delay or prejudice if the bank were to be joined.  Br. In Support Of Pl.'s Mot. To Join Union First Market Bank As Party Def. Pursuant To Fed. R. Civ. P. 19, 6, ECF No. 50-1.  Defendant GreenSky argues that Plaintiff fails to show good cause

3

because she knew before the December 7, 2014 deadline that GreenSky was "merely a third-party service provider and that another party would have been responsible for funding the Installment Loan" and did nothing to obtain the name of the bank.  Def. GreenSky Trade Credit, LLC's Resp. To Pl.'s Mot. To Join Union First Market Bank As A Party Def. Pursuant To Fed. R. Civ. P. 19, 9-10, ECF No. 53.[1]  In particular, GreenSky notes that the nature of its relationships with banks was disclosed to Plaintiff on September 22, 2014 through its Answer, as well as in several passages in its November 24, 2014 responses to Plaintiff's Interrogatories dated October 22, 2014.  *Id.*  Defendant suggests that since Plaintiff was on notice of the possible existence of a third-party bank's involvement in Ms. Bentley's loan, the appropriate and "diligent" course of action would have been to ask Defendants the name of the bank "either informally or in a written interrogatory."  *Id.* at 10.

      The Court agrees with Plaintiff that there is good cause to amend the Scheduling Order.  Defendant has not shown that Plaintiff received sufficient notice that a bank was necessarily involved in the loan Ms. Bentley received from GreenSky before the December 7, 2014 deadline had passed.  Defendant GreenSky's Answer does not indicate with sufficient clarity that a third-party bank was necessarily involved in the transaction as a lender.  Answer, ECF No. 16.  The Cross-Claim against Tri-State that was filed simultaneously with the Answer does have a provision noting that "GreenSky . . . partners with banks to provide unsecured consumer loans," but the nature of the partnership is not well-defined.  Cross-Cl. Against Def. Tri-State Of Branford, LLC, ¶ 1,

---

[1] Plaintiff correctly notes that Defendant's response brief was filed four days late, on March 2, 2015 as opposed to February 26.  *See* D. Conn. L. Civ. R. 7(a)(1) (providing that responses to motions are due 21 days from the date of *filing*, not service).  However, this Court will allow the late filing and consider the arguments Defendant raises in its opposition brief.

ECF No. 16.  Indeed, a later passage, in which GreenSky evaluates Plaintiff's credit "against its bank partners' credit policies," makes GreenSky's relationship with banks appear to be merely advisory.  *Id.* ¶ 13.

The agreement between GreenSky and Tri-State, attached to the Answer as Exhibit A, provides some indication that a bank lender may have been involved but does not identify that lender by name.  Ex. A, ECF No. 16-1.  The agreement indicates that Tri-State "acknowledges that GreenSky *may* enter into agreements with third-party financial institutions to provide financing under the Program[.]"  *Id.* ¶ 21 (emphasis added).  Moreover, the agreement indicates that "GreenSky shall own all loans originated under the Program," which is consistent with a third-party bank not being involved in every loan provided by GreenSky.  *Id.* ¶ 3.  While GreenSky's counsel states in the Cross-Claim that the agreement also provides in paragraph 25(a) that Tri-State must indemnify "GreenSky and *any financial institution that owns or funds a loan*" in certain circumstances, that passage does not appear in the agreement provided as Exhibit A.  Cross-Cl. ¶ 9, ECF No. 16 (emphasis added).

Even if these passages in the Answer and Cross-Claim put the Plaintiff on notice that a third-party lender may have been involved in issuing Ms. Bentley's loan, GreenSky did not indicate such a lender definitively existed until documents, including the actual loan contract identifying Stellar One Bank[2] as the lender, were produced to Plaintiff on January 23, 2015.  Moreover, Plaintiff appears to have been diligent in trying to ascertain whether a lender existed since the lawsuit's inception by serving interrogatories and document requests aimed at obtaining this information over one

---

[2] Plaintiff represents that Union First Market Bank is the successor of Stellar One Bank.  Br. In Support Of Pl.'s Mot. 3, ECF No. 50-1.

month before the December 7, 2014 deadline.  Indeed, Plaintiff did exactly what Defendant now argues constitutes proper procedure under such circumstances.  Def.'s Resp. 10, ECF No. 53 (suggesting that in exercising diligence, Plaintiff should have served interrogatories or informally asked Defendants about the identity of the lender).

During the telephonic status conference held on March 20, 2015, Defendant GreenSky's counsel conceded that the contract identifying the lender as Stellar One Bank was produced in response to Plaintiff's October 22, 2014 requests.  This document was not produced until January 23, 2015.  Because Plaintiff has been sufficiently diligent in trying to ascertain whether there was a bank lender involved in Ms. Bentley's loan, as well as the identity of that bank, the Court finds that good cause exists to amend the Scheduling Order and extends the deadline to add Union First Market Bank as a Defendant up to and including thirty days after this decision.  The Court will now consider Plaintiff's request to add Union First Market Bank as an additional Defendant in this action.

## II.     Rule 19 Analysis

Plaintiff argues that Union First Market Bank should be joined as a Defendant under Rule 19(a)(1)(A) which provides that a party must be joined if "in that person's absence the court cannot accord complete relief among existing parties."  Fed. R. Civ. P. 19(a)(1)(A).  Rule 19 also requires that the party to be joined be subject to service of process by the Court and that joinder of the party not deprive the Court of subject-matter jurisdiction.  Fed. R. Civ. P. 19(a)(1).  The parties do not dispute that these preliminary requirements are met.  The Court's inquiry thus focuses on whether Union First Market Bank should be joined under Rule 19(a)(1)(A) because in the entity's

absence, "the court cannot accord complete relief among existing parties." Fed. R. Civ. P. 19(a)(1)(A).  Even the inevitability of further litigation between a current party and the missing party is not sufficient grounds to add that party under Rule 19(a)(1).  *See MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n*, 471 F.3d 377, 385 (2d Cir. 2006) (finding that Visa was not a required party under Rule 19(a)(1), despite the fact that litigation between Visa and a current party, FIFA, was "inevitable" because Visa's absence would not prevent the court from granting complete relief among the current parties).

Plaintiff argues that the allegations in the Complaint setting forth "TILA violations, among other statutory and common law violations," implicate Union First Market Bank and that the bank is a "required party in whose absence, this Court cannot accord complete relief among existing parties." Br. In Support Of Pl.'s Mot. 3, ECF No. 50-1. More specifically, she argues that Union First Market Bank must be joined because it is the only party subject to civil liability under 15 U.S.C. § 1640 for a violation of TILA.  *Id.* at 5.  Section 1640 provides that "any creditor who fails to comply with any requirement imposed under this part . . . with respect to any person is liable to such person[.]" 15 U.S.C. §1640(a).  The Act indicates that "[t]he term 'creditor' refers only to a person who both (1) regularly extends . . . consumer credit which is payable by agreement in more than four installments or for which the payment of a finance charge is or may be required, and (2) is the person to whom the debt arising from the consumer credit transaction is initially payable on the face of the evidence of indebtedness or, if there is no such evidence of indebtedness, by agreement." 15 U.S.C. § 1602(g).  Essentially, Plaintiff's argument is that if she is unable to add Union First Market Bank, she will lose her TILA claim, which only applies to creditors.  She had believed that GreenSky was

7

the "creditor" when she filed her complaint and, by implication of her argument in the current motion, believes that none of the current Defendants can be categorized as creditors.  Compl. ¶ 77, ECF No. 1 (identifying GreenSky as the creditor).

Bentley also argues that Union First Market Bank "was responsible for supervising and directing GreenSky in the application and underwriting process for the credit" and is, therefore, "the principal of Defendants . . . [and] a required party who is subject to civil liabilities for the other claims alleged in the complaint."  Br. In Support Of Pl.'s Mot. 5, ECF No. 50-1.  In her Reply Brief, Bentley adds that the "proposed amended complaint will subject the Bank to the same claims in the original Complaint such as violation of the Fair Credit Reporting Act, violation of TILA, violation of the Connecticut Unfair Practices Act including the violation of Connecticut identity theft law as well as claims against the Bank as the principal of the other Defendants who are the Bank's sales consultants or third-party administrators/servicers (see 12 U.S.C. 1867(c))."  Rep. to Opp'n to Mot. To Join 1-2, ECF No. 55.  However, she does not elaborate further on the nature of these claims.

Defendant GreenSky argues that Union First Market Bank is not a "required" party under Rule 19 as either a "joint tortfeasor" or a principal of the currently named Defendants.  Def.'s Resp. 3-4, ECF No. 53.  In addition, GreenSky argues Plaintiff's claims against the proposed additional Defendant would be futile under TILA and, therefore, that the party should not be added.  *Id.* at 8.

The Court agrees with the Defendant that Union First Market Bank cannot appropriately be added to this action as a "required" Rule 19 party.  Looking at the text of Rule 19, the relevant inquiry here is whether the rights of the currently named parties

can be fully adjudicated in the absence of the additional party, not whether claims are lost because Plaintiff named the wrong Defendants.  Plaintiff's argument that the bank should be added because they will lose a claim does not state a valid reason under Rule 19 for adding a party.

Under Rule 19, joinder is only appropriate when "the absentee's nonjoinder precludes the court from rendering complete justice *among those already joined*." 4 *Moore's Federal Practice* §19.03[2][b][ii] (Matthew Bender 3d Ed. 2015) (emphasis in original).  "The fact that the plaintiff may have to initiate other litigation in order to have relief from other, unjoined defendants does not violate [Rule 19's] complete relief requirement." *Id.* §19.03[2][d]. Moreover, according to Plaintiff's theory, Union First Market Bank is a joint wrongdoer with the currently named Defendants in this case, which would cut against finding them a "required" party under Rule 19. *See Yamaha Motor Corp., U.S.A. v. Ferrarotti*, 242 F.R.D. 178, 182 (D. Conn. 2007) (citation omitted) (holding that Rule 19 does not require joinder of joint tortfeasors or of a principal and agent).  Because the rights of the currently named parties can be fully adjudicated without the addition of the Union First Market Bank, Plaintiff's request to add a Defendant under Rule 19 is **DENIED**.

The denial of Plaintiff's motion is without prejudice to Plaintiff filing additional motions seeking to add Union First Market Bank to the case properly.  Under Federal Rule of Civil Procedure 7, a request for a court order made by motion must "state with particularity the grounds for seeking the order; and [ ] state the relief sought." Fed. R. Civ. P. 7(b)(1)(B)-(C).  Since the Plaintiff has only described the nature of the amendments to the Complaint with respect to the TILA claim, the Court cannot assess

the appropriateness of Union First Market Bank's presence in this case for any other claims.  See *Moore v. Indiana*, 999 F.2d 1125, 1131 (7th Cir. 1993) (citing 6 Charles Alan Wright et al., Federal Practice and Procedure §1485 (2d ed. 1990)) (noting that filing a motion alone without a proposed amended complaint "may be acceptable so long as it puts the opposing party on notice of the content of the amendment."); *Credit Chequers Info. Servs, Inc. v. CBA, Inc.,* 205 F.3d 1322, at *1 (2d Cir. 2000) (Summary Order) (citations omitted) (upholding the denial of a motion to amend a complaint where appellant "failed to meet its burden of setting forth with particularity the grounds for supporting its motion").

SO ORDERED at Bridgeport, Connecticut this 1st day of April, 2015.

    **/s/ Victor A. Bolden**
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE