UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **ELISE BENTLEY** | : | CIVIL ACTION NO. |
| Plaintiff | : | 3:14-CV-01157 (VAB) |
| | : | |
| v. | : | |
| **GRENSKY TRADE CREDIT, LLC** | : | |
| **TRI-STATE OF BRANFORD, LLC,** | : | |
| **BRAD POMPILLI AND DAN ROE,** | : | |
| Defendants. | : | APRIL 27, 2015 |

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO JOIN UNION FIRST MARKET BANK AS PARTY DEFENDANT PURSUANT TO FED. R. CIV. P. 20**

Plaintiff, Elise Bentley hereby respectfully submits this Brief in support of her Motion pursuant to Fed. R. Civ. P. 20(a)(2) to add non-party, Union First Market Bank, ("Bank") as an additional Defendant in this action and, pursuant to Fed. R. Civ. P. 15(a)(2) for leave of court to amend her complaint in this action to add the non-party Defendant, the Bank as an additional Defendant. Plaintiff attaches herewith her proposed Amended Complaint.

1. **Background Facts.**

The Defendants, home improvement contractors, Tri-State of Branford, LLC ("Tri-State"), Dan Roe, ("Roe") and Brad Pompilli (Pompilli") and their associated financing company, GreenSky Trade Credit, LLC ("GreenSky") and its lender partner, the Bank, completed and or signed Plaintiff's signature on a GreenSky Installment Loan application without Plaintiff's knowledge, consent or authorization, in violation of Connecticut criminal statutes C.G.S, §53a-129a, C.G.S, §53a-129b (Class B felony) and C.G.S.§53-139: Forgery in the second degree: Class D.

Document produced in discovery show that Roe, Pompilli and Tri-State were the

1

Sales Consultant/Associate for GreenSky in relations to the GreenSky Installment Loan transaction. The produced documents also demonstrate that the Bank had the responsibility to "direct and supervise" GreenSky for the services related to the GreenSky Installment Loan transaction which are deemed to have been performed by the Bank itself on the Bank's own premises.

Roe, Pompilli and or Tri-State completed and or signed the GreenSky Installment Loan application on August 6, 2013 using the Plaintiff's personal identifying information without her knowledge or consent. GreenSky then used the forged GreenSky Installment Loan application submitted to GreenSky by its Sale Consultant/Associates, Roe, Pompilli and or Tri-State, to obtained Plaintiff's credit information from Credit Reporting Agencies without obtaining permission from the Plaintiff.

Subsequently, on Friday, August 16, 2013 Plaintiff received a letter dated August 6, 2013 from GreenSky informing her she had been approved for A GreenSky Installment Loan in the sum of $12, 762. GreenSky failed to disclose to Plaintiff before this time that he actual creditor was StellarOne Bank, a Virginia bank and, not GreenSky. StellarOne Bank has since May 10, 2014 merged with and is currently operating as the Bank, Union First Market Bank, a Virginia bank. See, Federal Deposit Insurance Corporation's ("FDIC") website, www.fdic.gov.

2. **LAW AND ARGUMENT**

Fed.R.Civ.P. 20(a)(2) provides:

> …. **Persons …may be joined in one action as defendants if:**
> **(A) any right to relief is asserted against them jointly, severally, or in the alternative, with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and**
> **(B) any question of law or fact common to all defendants will arise in the action.**

2

Rule 20 impose "two specific requisites to the joinder of parties: (1) a right to relief must be asserted …against… each defendant relating to or arising out the same transaction or occurrence, and (2) some question of law or fact common to all the parties will arise in the action." 7 Charles Alan Wright et al., Federal Practice and Procedure §1653 (3d ed.2001) at 401-403.

## Same Transaction or Occurrence

On the first requisite, Plaintiff asserts a right to relief against each Defendant, including the Bank, jointly, severally, for violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et al. seq.; for violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110a et seq.; for unfair and deceptive acts or practices in the conduct of their trade and commerce as home improvement contractors and lenders; for violation of the Connecticut Identity Theft Statute ("Identity Theft"), Conn. Gen. Stat. §52-571h arising from Defendants' theft of Plaintiff's personal identifying information; for violation of violation the Truth-in-Lending Act ("TILA"), 15 U.S.C. § 1601 et seq., and, for other common law claim. See the attached Proposed Amended Complaint. Also see verified Complaint (Doc. # 1).

Plaintiff's right of relief against each Defendant including the Bank, arises out of the same transaction or occurrence of the acts of Roe, Pompilli and or Tri-State completing and or signing of Plaintiff's signature on a GreenSky Installment Loan application without Plaintiff's knowledge, consent or authorization, in violation of Connecticut criminal statutes C.G.S, §53a-129a, C.G.S, §53a-129b (Class B felony) and C.G.S. §53-139: Forgery in the second degree: Class D.

Thus, the acts of GreenSky's Sales Consultants/Associates, Roe, Pompilli and

Tri-State and, GreenSky, concerning the application process for the GreenSky Installment Loan and or the underwriting process for the GreenSky Installment Loan, constitute the transaction or occurrence for Plaintiff's right of relief against each Defendant and the Bank, are the full responsibility of the Bank, and deemed to have been performed by the Bank itself on the Bank's own premises pursuant to 12 U.S.C..§1867(c). But cf, <u>Nassau County Ass'n of Ins. Agents, Inc., v. Aetna Life & Cas. Co.</u>, 497 F.2d 1151 (2d Cir. 1974), certiorari denied 95 S. Ct. 232, 419 U.S. 968, 42 L. Ed.2d 184.(There was no showing of a right to relief arising from the same transaction or series of transactions).

Courts have applied this "transaction or occurrence" requirement using a "case-by-case approach" based on a "flexib[le] standard [that] enables the federal courts to promote judicial economy by permitting all reasonably related claims for relief by or against different parties to be tried in a single proceeding under the provisions of Rule 20." 7 Charles Alan Wright et al., Federal Practice and Procedure § 1653 (3d ed.2001) at 409. The Supreme Court has stated that under the Federal Rules of Civil Procedure, "the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." <u>United Mine Workers of Am. v. Gibbs</u>, 383 U.S. 715, 724, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

### Common Question of Law or Fact

On the second requisite, Plaintiff submits that there are some questions of law or fact common to all parties such as whether Roe, Pompilli, Tri-State and or GreenSky acted as the agent for the Bank; whether the GreenSky Installment Loan application

was completed and or signed using Plaintiff's personal identifying information without Plaintiff's knowledge, consent or authorization; whether false interest rate or inaccurate interest rate was given to Plaintiff concerning the $12,762 GreenSky Installment Loan or whether the information concerning the Installment Loan was disclosed before the loan was extended. These are some of the common questions of fact or law which would impact claims against the Bank and the other Defendants, GreenSky, Tri-State, Roe and Pompilli. Cf, <u>Agnesini v. Doctor's Associates, Inc</u>., 275 F.R.D. 456 (S.D.N.Y. 2011) (Whether franchisor could be held vicariously liable for act of the franchisees where common questions of fact as to the nature of the franchisor's relationship to the franchisees including whether the franchisor exercised control relating to the event giving rise to liability); <u>Wayman v. Accor N. America, Inc.,</u> 486 F. Supp.2d 1280 (D.C. Kan. 2007) (allowing joinder of the servant with the master); <u>Garland v. RLI Ins. Co.,</u> 491 F. Supp. 2d 338 (W.D. N.Y. 2007) (allowing joinder of the agent with the principal).

    Rule 20(a)(2) "permits party joinder whenever there will be at least one common question of law or fact." 7 Charles Alan Wright et al., Federal Practice and Procedure § 1653 at 413 (3d ed.2001). Also see Id., §1657 at 428-433.

    Therefore, Plaintiff respectfully requests this Court to join the Bank as a defendant under Rule 20(a)(2) and respectfully prays this Court grant her Motion and enter an Order authorizing the Plaintiff to join the Bank as an additional Defendant pursuant to Fed. R. Civ. P., 20 and to amend her complaint as proposed and serve the same upon the Bank.

                                      THE PLAINTIFF,
                                      ELISE BENTLEY

By:   <u>//s// ct05114</u>
     Nitor V. Egbarin, ct05114
     Law Office of Nitor V. Egbarin, LLC
     100 Pearl Street, 14th Floor
     Hartford, CT  06103-3007
     Tel: (860) 249-7180
     Fax: (860) 408-1471
     E-mail: NEgbarin@aol.com
     Her Attorney


By: <u>//s//</u>
     Joseph R. Sastre, ct28621
     The Law Office of Joseph R. Sastre, LLC
     67 Chestnut Street
     Bristol, CT  06010
     Tel: (860) 261-5643
     Fax: (860) 261-5786
     E-mail: joseph.sastre@gmail.com
     Her Attorney

## **CERTIFICATE OF SERVICE**

     I hereby certify that on April 27, 2015, the foregoing **Brief in Support of Motion to Join** was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by email to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this document through the court's CM/ECF System.

                                              //s// ct05114
                                              Nitor V. Egbarin, ct05114